UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESTON JACKSON,

              Petitioner,              Case No. 1:10-cv-1207

v.                                          Honorable Robert Holmes Bell

CAROL HOWES,

              Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Preston Jackson presently is incarcerated at the Lakeland Correctional Facility. He was convicted by a Calhoun County jury of second-degree murder, MICH. COMP. LAWS § 750.317, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and two counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On October 18, 2007, Petitioner was sentenced to respective prison terms of 40 to 60 years, 4 to 10 years, and two terms of two years.

The Michigan Court of Appeals summarized the facts underlying Petitioner's convictions as follows:

> Testimony established that defendant shot and killed Daniel Birmingham after Birmingham failed to pay a drug debt owed to defendant. More specifically, according to witnesses, defendant "had run up on" and attacked Birmingham; defendant placed Birmingham in a headlock, hit him in the head with a gun, forced him around the corner of a house, out of general view, and fatally shot him in the face, before running away from the scene and disposing of the weapon and his clothing. Testimony further indicated that on more than one occasion, defendant admitted to having shot Birmingham. Defendant was acquitted of first-degree murder, but was found guilty of second-degree murder and of the associate weapons charges.

(6/4/09 Mich. Ct. App. (MCOA) Op. at 1.)[1]

Petitioner appealed his convictions to the Michigan Court of Appeals. Counsel's brief presented three appellate issues: (1) the admission of a trial witness' prior testimony at an investigative subpoena hearing was improper hearsay and violated the Confrontation Clause; (2) the trial court failed to instruct the jury on voluntary manslaughter as a lesser included offense of

---

[1] The opinion was taken from the electronic database of opinions maintained by the Michigan Court of Appeals, http://coa.courts.mi.gov/documents/OPINIONS/FINAL/ COA/20090604_C282325_42_282325.OPN.PDF

murder; and (3) a variety of discovery errors both violated MICH. CT. R. 6.201 and denied Petitioner due process of law. Petitioner failed to timely submit a proposed supplemental brief. In an unpublished opinion issued June 4, 2009, the court of appeals rejected all appellate arguments and affirmed Petitioner's convictions. Petitioner sought leave to appeal in the Michigan Supreme Court. He raised the same three issues presented to the court of appeals, together with two new issues: ineffective assistance of counsel and abuse of trial court discretion. The supreme court denied leave to appeal on November 23, 2009.

In his initial habeas application filed November 24, 2010, Petitioner raised the same three grounds presented to the Michigan Court of Appeals, together with the claim of ineffective assistance of counsel that Petitioner first raised in his application for leave to appeal to the Michigan Supreme Court. On January 21, 2011, this Court issued an opinion and order concluding that the ineffective-assistance-of-counsel claim was not exhausted and directing Petitioner to show cause why he should be granted a stay of these proceedings while he pursued his unexhausted claim in the state courts. The Court further ordered that Petitioner, in the alternative, Petitioner could file an amended petition setting forth only his exhausted claims.

On February 18, 2011, Petitioner elected to file an amended complaint raising only the exhausted issues.

**Discussion**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has

"drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

### I. Admission of Video Recording of Witness Testimony

In his first ground for habeas relief, Plaintiff contends that the trial court erred in admitting the video recording of the testimony of witness Terry Heatherly given at an investigative subpoena hearing. Petitioner contends that the admission of the testimony violated his rights under the Confrontation Clause and constituted inadmissible hearsay under state law.

The Confrontation Clause of the Sixth Amendment gives the accused the right "to be confronted with the witnesses against him." U.S. CONST., Am. VI. Testimonial out-of-court statements by witnesses are barred under the Confrontation Clause unless witnesses are unavailable and defendants had a prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by court. *Crawford v. Washington*, 541 U.S. 36, 59 (2004) (abrogating *Ohio v. Roberts*, 448 U.S. 56 (1980)). However, "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford*, 541 U.S. at 59 n.9 (citing *California v. Green*, 399 U.S. 149, 162 (1970)).

The Michigan Court of Appeals, citing *Crawford*, 541 U.S. at 59 n.9, rejected Petitioner's confrontation claim. The court concluded that, because Terry Heatherly testified at trial and was subject to cross-examination about the inconsistencies between his trial testimony and his prior statement, the admission of his statement did not implicate the Confrontation Clause. (MCOA Op. at 2.) That conclusion unquestionably was correct. As a consequence, the state-court's determination was neither contrary to nor an unreasonable application of established Supreme Court precedent.

Petitioner's challenge to the admissibility of the statement under the Michigan Rules of Evidence is not cognizable in this proceeding. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). "[C]ourts have defined the category of infractions that violate fundamental fairness very narrowly." *Bugh*, 329 F.3d at 512 (internal quotations and citations omitted).

The Supreme Court has never suggested that the admission of prior testimony of a witness who testifies at trial implicates the Due Process Clause. Moreover, the admission of Heatherly's prior inconsistent testimony was not fundamentally unfair. The discrepancies between Heatherly's prior testimony and his trial testimony were subject to cross-examination and, as the court of appeals found, defense counsel actively cross-examined Heatherly about his prior statement. The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Petitioner makes no attempt to dispute the state-court's conclusion that Heatherly was subjected to active cross-examination. As a consequence, Plaintiff cannot demonstrate that the state-court determination was factually or legally unreasonable.

II.     Failure to Give Manslaughter Instruction

In his second habeas ground, Petitioner argues that the trial court failed to instruct the jury on voluntary manslaughter as a lesser-included offense of first and second-degree murder. The Michigan Court of Appeals, applying state law, concluded that a rational view of the evidence did not support an instruction of voluntary manslaughter.

The Sixth Circuit Court of Appeals, sitting en banc, has held that the failure to give an instruction on a lesser-included offense, even when requested by counsel, is not of the "character or magnitude which should be cognizable on collateral attack." *Bagby v. Sowders*, 894 F.2d 792,

797 (6th Cir. 1990) (en banc). The *Bagby* Court held that failure to instruct on lesser-included offenses in a noncapital case is reviewable in a habeas corpus action only if the failure results in a miscarriage of justice or constitutes an omission inconsistent with the rudimentary demands of fair procedure. *Id.*; *accord Tegeler v. Renico*, 253 F. App'x 521, 524 (6th Cir. 2007); *Todd v. Stegal*, 40 F. App'x 25, 28-29 (6th Cir. 2002); *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002); *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001); *Samu v. Elo*, 14 F. App'x 477, 479 (6th Cir. 2001); *Williams v. Hofbauer*, 3 F. App'x 456, 458 (6th Cir. 2001). Shortly after the Sixth Circuit decision in *Bagby*, the Supreme Court emphasized that the fact that an instruction was allegedly incorrect under state law is not a basis for habeas relief. *Estelle*, 502 U.S. at 71-72 (citing *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983)). Instead, the only question on habeas review is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 14 (1973)), *cited in Todd*, 40 F. App'x at 29. Here, there is no miscarriage of justice or fundamental defect in due process, as no clearly established Supreme Court authority requires lesser-included-offense instructions in non-capital cases. Thus, under the AEDPA, 28 U.S.C. § 2254(d)(1), this claim is not a basis for habeas relief. *Todd*, 40 F. App'x at 28 (citing *Estelle*, 502 U.S. at 71-72).

### III. Discovery Violations

Petitioner argues that several discovery errors violated state discovery rules and impaired his constitutional right to due process. Specifically, Petitioner claims that, despite his outstanding discovery requests, the prosecutor failed to timely provide any of the following: a statement of a late-declared witness, a copy of the 911 tape, a "containment" or "contamination" list,

photographs, ballistic evidence, diagrams and sketches of the scene, photographic lineups, and the transcript of the video recording of Heatherly's investigatory subpoena testimony.

In more than four pages of discussion, the Michigan Court of Appeals extensively analyzed each of the alleged discovery errors under both state law and federal constitutional standards. The court applied the following standard to its review of the constitutional claim:

> "'There is no general constitutional right to discovery in a criminal case . . . .'" *People v Stanaway*, 446 Mich 643, 664; 521 NW2d 557 (1994), quoting *Weatherford v Bursey*, 429 US 545, 559; 97 SCt 837; 51 L Ed 2d 30 (1977). However, a defendant has a constitutional right to present a defense. US Const, Ams VI, XIV; Const 1963, art 1, §§ 13, 17, 20; *People v Anstey*, 476 Mich 436, 460; 719 NW2d 579 (2006). This right is a "fundamental element of due process . . . ." *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984). And, where evidence is exculpatory and material, defendant has a due process right to the evidence. *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963); *People v Carter*, 415 Mich 558, 593; 330 NW2d 314 (1982), overruled in part on other grounds, *People v Robideau*, 419 Mich 458, 355 NW2d 592 (1984). Thus, discovery violations are nonconstitutional errors, unless they violate defendant's right to present his defense.
>
> As regards the constitutional component of defendant's claim of error, this Court has explained,
>
>> A criminal defendant has a due process right to obtain exculpatory evidence possessed by the prosecutor if it would raise a reasonable doubt about the defendant's guilt. In order to establish a *Brady* violation, a defendant must prove: (1) that the state possessed evidence favorable to the defendant; (2) that the defendant did not possess the evidence nor could the defendant have obtained it with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. [*People v Cox*, 268 Mich App 440, 448; 709 NW2d 152 (2005) (citations omitted).]

(MCOA Op. at 4.)

The court of appeals correctly applied the applicable Supreme Court precedent. Unless, Petitioner demonstrates that he has been deprived of exculpatory evidence under *Brady*, 373 U.S. at 87, his discovery claims are not cognizable in this proceeding. *See Weatherford*, 429 U.S. at 559; *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 59-60 (1987) (reiterating the rule that there is not constitutional right to discovery in a criminal case).

The Michigan Court of Appeals concluded that the late endorsement of witness Stevens did not violate *Brady* because the Stevens' testimony was not favorable to Petitioner and because it was not probable that any error in the admission of the testimony was outcome determinative. "*Brady* generally does not apply to delayed disclosure of exculpatory information, but only to a complete failure to disclose." *United States v. Bencs*, 28 F.3d 555, 560-61 (6th Cir. 1994). Moreover, Petitioner does not dispute the state court's conclusion that Stevens' testimony was exculpatory. Nor does he dispute the determination that Steven's testimony was significantly prejudicial in light of the evidence. As the court of appeals observed, "Stevens's testimony was not nearly as damaging as that of the eyewitness who saw defendant walk around the corner with the victim immediately before the gunshot was heard, Heatherly's statement that defendant shot the victim, or another witness's testimony that defendant confessed to her on the day after the shooting that he shot the victim." (MCOA Op. at 6.) For all these reasons, Petitioner fails to demonstrate any error in the state-court's determination that the late disclosure of Stevens' statement did not amount to a *Brady* violation.

The court of appeals next rejected Plaintiff's claims about the failure to produce the ballistics report, the diagram and the sketch on factual grounds. The court concluded that a ballistics report was never prepared because no weapon was recovered. (MCOA Op. at 6.) Further, based on

the record, the court found that no diagram or sketch of the scene was prepared. Petitioner fails entirely to dispute the state-court's factual finding. He therefore fails to rebut the presumption that the factual findings were correct. *See* 28 U.S.C. § 2254(e)(1).

With respect to the "containment" or "contamination" list, the court of appeals found that the prosecutor provided the evidence, albeit belatedly, and that Petitioner had sufficient time to review the evidence after receiving it. The court further concluded that the record did not support a conclusion that any of the listed evidence was exculpatory. It therefore determined that no *Brady* violation occurred. (MCOA Op. at 6-7.) Again, mere delay in the receipt of evidence does not ordinarily support a *Brady* claim. In addition, the court's factual findings are entitled to a presumption of correctness, which Petitioner makes no attempt to rebut. For both reasons, Petitioner fails to demonstrate that the delay in the evidence was of constitutional significance. *See* 28 U.S.C. § 2254(e)(1).

The state court next addressed Petitioner's claim that the prosecutor failed to provide photographs of the scene and of the photographic lineups that were conducted. The court of appeals found that the prosecutor had formally advised defense counsel that the photographic evidence was available for inspection and the parties agreed to a time for that inspection, which was never argued to be inadequate. The court found no violation of state law. The court also found that Petitioner had failed to demonstrate that any of the photographs constituted favorable evidence. As a consequence, it held that the manner or timing of the disclosure did not affect Petitioner's due process rights under *Brady*. (MCOA Op. at 7.) As previously discussed, a state-court's factual determinations are entitled to a presumption of correctness. Petitioner fails entirely to refute those findings.

Further, the court of appeals rejected Petitioner's challenge to the use of a recording of the belatedly disclosed 911 call from Heatherly, finding that the tape had been made ready for review and had been listened to by defense counsel. The court also held that the 911 tape was not exculpatory, inasmuch as Heatherly implicated Petitioner during the call. (MCOA Op. at 7.) Those factual findings are presumed to be correct, and Petitioner makes no attempt to refute those findings. He therefore fails to demonstrate that the state-court's determination was unreasonable.

Finally, Petitioner argues that the video recording of Heatherly's investigatory subpoena hearing was improperly admitted because Petitioner never was provided with a transcript of the recording. Nothing in *Brady* requires the preparation of a transcript before the use of video-recorded evidence. The court of appeals found and Petitioner does not dispute that the video recording was not exculpatory, inasmuch as Heatherly implicated Petitioner during the hearing. Petitioner therefore fails to demonstrate that state-court's determination that the admission did not violate due process was neither factually or legally unreasonable.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly

unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: March 25, 2011                                       /s/ Robert Holmes Bell
                                                                          ROBERT HOLMES BELL
                                                                          UNITED STATES DISTRICT JUDGE